UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DERRICK HUMPHREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-2197 |
| | ) | |
| CITY OF CHAMPAIGN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Jerome Combs Detention Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that John Doe police officers employed by the City of Champaign, Illinois, arrested him on an invalid warrant based upon his failure to appear in court. Plaintiff also appears to allege that Defendant Fisher, a detective, obtained another warrant for his arrest that was not supported by probable cause. Plaintiff alleges that a search of his house violated the

Fourth Amendment. Plaintiff alleges that the prosecutor's office has not produced discovery pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

*Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from or dismiss claims where federal litigation would interfere with ongoing state criminal proceedings. *Id.* at 44; *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). Plaintiff's complaint appears to allege that state criminal proceedings related to the alleged events remain pending. If so, Plaintiff's criminal case would involve the same set of facts, be judicial in nature, implicate important state interests in enforcing their own laws, and provide Plaintiff with an opportunity to raise the same constitutional violations he alleges here. Thus, the Court would be required to abstain pursuant to *Younger*.

Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify whether he is challenging events connected to an ongoing state criminal prosecution and to provide any additional information Plaintiff desires the Court to consider.

### Plaintiff's Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation

and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion [4] is DENIED with leave to renew.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 4th day of December, 2023.

_s/Sara Darrow_
SARA DARROW
CHIEF U.S. DISTRICT JUDGE